UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ROBERT Z. WHIPPLE, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CV-378-KAC-DCP |
| DAVID JOLLEY, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] and the pro se Verified ("Complaint") [Doc. 2]. For the reasons more fully stated below, the undersigned finds that Plaintiff shall be allowed to file the Complaint without prepayment of costs; however, the undersigned **RECOMMENDS** that the individual Defendants be **DISMISSED** from this case.

### I. FILING FEE

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), with the required detailing of his financial condition, and his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 1]. Plaintiff states that he receives deposits to his prisoner trust account from his father, but he has several financial obligations [*Id.* at 1–2]. The Court has also reviewed the amounts reflected in his prisoner trust account, [*see id.* at 4–23], and the Court finds that Plaintiff does not have the financial means to pay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 1**].

Because Plaintiff is an inmate at the Laurel County Correctional Center, however, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and shall follow him in the event he is transferred to another correctional institution. The Clerk is also **DIRECTED** to forward a copy of this order to the Court's financial deputy. The Clerk **SHALL NOT**, however, issue process at this time.

## II.   ANALYSIS

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court

in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act of 1974, 5 U.S.C. § 552a [Doc. 2 p. 1]. Plaintiff names the following Defendants: David Jolley; the United States Department of Justice ("DOJ"); the United States Marshals Service ("Marshals Service"); the United States; Elaine Rivera ("Rivera"); and Charlotte Luckstone ("Luckstone") [*Id.* at 1].[1] [2]

Plaintiff alleges that in April 2021, he requested all records concerning himself contained in a file with the Marshals Service [*Id.* ¶ 8]. Plaintiff states that Defendant Jolley has custody, possession, and control of the records Plaintiff seeks [*Id.* ¶ 6]. Plaintiff states that on June 4, 2021, he received a letter from the general counsel's office for the Marshals Service [*Id.* ¶ 9]. Rivera sent the letter on behalf of Luckstone, and the letter confirmed that the Marshals Service received Plaintiff's FOIA request on May 6, 2021, and assigned a number to his request [*Id.*]. The letter

---

[1] The United States is listed in the caption of the Complaint but is not listed as a defendant in the section naming the parties [Doc. 2 ¶¶ 4–7].

[2] The Court notes that Plaintiff filed an amended complaint [Doc. 6] naming additional defendants on December 22, 2021, but later requested the Court to withdraw the amended complaint and deem the Verified Complaint [Doc. 2] as the operative pleading in this case. The Court granted Plaintiff's request [Doc. 10].

3

also indicated Plaintiff needed to sign a privacy waiver so that the Marshals Service could address Plaintiff's request [*Id.*]. Plaintiff executed the privacy waiver and mailed it back to Luckstone and Rivera on June 4, 2021 [*Id.* ¶ 10]. Plaintiff did not receive a response [*Id.* ¶ 11].

Plaintiff states that on August 10, 2021, he wrote to Luckstone to inquire as to the status of his FOIA and Privacy Act request, and Defendants failed to respond [*Id.* ¶ 12]. Plaintiff states that his request is six months old and that 126 business days have elapsed with no response or determination as to Plaintiff's request [*Id.* ¶ 13]. Plaintiff states that the statute requires Defendants to respond within twenty (20) days. [*Id.* ¶ 14]. Plaintiff argues that the Marshals Service failed to comply with the time limits, and Plaintiff has now exhausted his administrative remedies [*Id.* ¶ 15].

Plaintiff alleges one count in his Complaint, stating that Defendants violated FOIA and the Privacy Act by failing to respond or to make a determination as to his records request within twenty (20) business days and by withholding the requested records [*Id.* ¶¶ 17-18]. Plaintiff requests that the Court (1) declare Defendants' failure to comply with FOIA and the Privacy Act to be unlawful; (2) enjoin Defendants from continuing to withhold the records responsive to Plaintiff's FOIA and Privacy Act request and that the Court order Defendants to produce the requested records; (3) grant Plaintiff attorney's fees and costs;[3] and (4) grant him such other and further relief that the Court deems appropriate [*Id.* at 4].

---

[3] Generally, pro se litigants cannot seek attorney's fees, but the Court will not foreclose this request for relief at this juncture given that Plaintiff may retain counsel at a later date. *Wolfel v. United States*, 711 F.2d 66, 68 (6th Cir. 1983) (explaining that it is "now a well-settled rule that a pro se litigant who is not an attorney may not recover attorney fees pursuant to the FOIA"); *Kaun v. I.R.S.*, No. 84-C-1433, 1987 WL 35082, at *1 (E.D. Wis. Sept. 25, 1987) (a pro se litigant may not recover attorney fees in an action under the Privacy Act).

Generally, under FOIA, federal agencies must promptly make records available after receiving a request. 5 U.S.C. § 552(a)(3)(A). The agency may only withhold or limit the availability of records that fall within an exception. 5 U.S.C. § 552(d). The Act, however, reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of the Air Force v. Rose*, 425 U.S. 351, 360–61 (1976). The Privacy Act is similar to FOIA, but it provides a right of access allowing individuals to request records about themselves. 5 U.S.C. § 552a(d); *see also Dean v. F.D.I.C.*, 389 F. Supp. 2d 780, 797 (E.D. Ky. 2005) ("[I]ndividuals are generally permitted to obtain their own records under the [Privacy Act]" and "a record cannot be withheld under the [Privacy Act] if its disclosure is *required by* FOIA.").

While the Court finds Plaintiff's FOIA and Privacy Act claims pass the initial screening phase against the Government, the Court recommends dismissing the individual Defendants from this case. Neither FOIA nor the Privacy Act allows actions against individuals. Such actions must be against the agency withholding the records. *Rice v. Holder*, 898 F. Supp. 2d 291, 293 (D.D.C. 2012) (explaining that the Privacy Act does not provide a private right of action against individuals); *Buckles v. Indian Health Serv./Belcourt Serv. Unit*, 268 F. Supp. 2d 1101, 1102 (D. N.D. 2003) ("The Privacy Act and the Freedom of Information Act allow civil lawsuits against agencies only, not against individual defendants."); *Bright v. Bartlett*, No. 4:19-CV-33, 2019 WL 5295190, at *2 (E.D. Tenn. Oct. 18, 2019) ("First, regardless of whether Bright is suing Bartlett in her official or individual capacity, the FOIA does not provide a cause of action against private persons."); *Bowman v. Skyview Apartments*, No. 3:07-0417, 2007 WL 2692137, at *1 (M.D. Tenn. Sept. 12, 2007) (explaining that a private right of action under the Privacy Act cannot be filed against individuals as the act is specifically limited to agencies of the United States).

5

Case 3:21-cv-00378-KAC-DCP Document 12 Filed 06/10/22 Page 5 of 6 PageID #: 87

## III. CONCLUSION

For the reasons set forth above, the Court finds Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**] well taken, and it is **GRANTED**. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as provided above. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[4] because the undersigned **RECOMMENDS**[5] that the individual Defendants be **DISMISSED** from this case.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[4] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 915 F.2d at 263, wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).