UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT Z. WHIPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:21-CV-378-KAC-DCP |
| | ) | |
| DAVID JOLLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING THE UNITED STATES

This civil case is before the Court on (1) United States Magistrate Judge Debra C. Poplin's "Report and Recommendation" ("Report") entered June 10, 2022 [Doc. 12] and (2) Plaintiff Robert Z. Whipple's "Motion to Ascertain Status and to Extend Time to Serve Summons" [Doc. 11]. For the reasons that follow, the Court (1) **ACCEPTS** and **ADOPTS** Judge Poplin's Report [Doc. 12], (2) **DISMISSES** any claims Plaintiff intended to raise against Defendant the "United States," and (3) **DENIES** as **MOOT** Plaintiff's "Motion to Ascertain Status and to Extend Time to Serve Summons" [Doc. 11].

On November 5, 2021, Plaintiff, who is proceeding pro se, filed a (1) motion to proceed *in forma pauperis* [Doc. 1] and (2) Verified Complaint [Doc. 2]. Plaintiff's Verified Complaint asserts a violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, by David Jolley, Elaine Rivera, Charlotte Luckstone (collectively, the "Individual Defendants"), the United States Marshals Service, the United States Department of Justice, and the "United States" [Doc. 2]. Plaintiff specifically listed the "United States" as a defendant in the caption of his Verified Complaint, but he did not include any substantive

allegations against the United States nor did he list the United States as a party in the body of his Verified Complaint [*See id.* at 1-2].

On May 18, 2022, Plaintiff filed a motion "to ascertain the status of this action (by receiving a correct copy of the docket sheet)" and "for an extension of time for service," recognizing that he "is unable to effect service prior to the Court's screening his complaint" [Doc. 11 at 1-2]. On June 10, 2022, Judge Poplin thoroughly screened Plaintiff's pro se Verified Complaint under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A [Doc. 12]. Judge Poplin concluded that "Plaintiff's FOIA and Privacy Act claims pass the initial screening phase against the Government" agencies [*Id.* at 5]. However, Plaintiff's Verified Complaint failed to state a claim against the Individual Defendants because "[n]either FOIA nor the Privacy Act allows actions against individuals" [*Id.*]. Accordingly, Judge Poplin recommends that this Court dismiss the Individual Defendants [*Id.* at 6]. Plaintiff has not objected to the Report, and the time to do so has passed [*See id.* at 6 n.5 (providing fourteen (14) days to file any objections to the Report)]. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

As Judge Poplin analyzed in her Report, FOIA and the Privacy Act only permit actions against an "agency." *See* 5 U.S.C. § 552(a)(4)(B) (FOIA); 5 U.S.C. § 552a(g)(1) (Privacy Act). The relevant statute generally defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency." 5 U.S.C. § 551(1). And under FOIA and the Privacy Act, "agency" includes, in pertinent part, "any executive department" "or other establishment in the executive branch of the Government." 5 U.S.C. §§ 552(f)(1), 552a(a)(1). "The term 'agency' does not encompass individual government officials." *Windsor v. The Tennessean*, 719 F.2d 155, 160 (6th Cir. 1983) (interpreting the Privacy Act); *see also Harper v. Mastroianni*, No. 16-6211, 2017 WL 3271172, at *2 (6th Cir. Mar. 23, 2017)

(interpreting FOIA). Nor does "agency" encompass the "United States." *See Sanders v. United States*, No. 96-5372, 1997 WL 529073, at *1 (D.C. Cir. 1997) (per curiam) (dismissing complaint because the United States is not an "agency" subject to FOIA); *Ioane v. Comm'r of I.RS.*, No. 09-CV-243, 2010 WL 2600689, at *6 n.6 (D. Nev. Mar. 11, 2010) ("Defendant correctly points out that only agencies, not the United States itself, may be sued under FOIA.").

Here, because none of the Individual Defendants is an "agency," none of the Individual Defendants is a proper party, and Plaintiff has failed to state a plausible claim against any of the Individual Defendants. *See Windsor*, 719 F.2d at 160; *Harper*, 2017 WL 3271172, at *2. Similarly, to the extent that Plaintiff intended to raise claims against the "United States," it too is not an "agency," and Plaintiff has failed to state a plausible claim against the "United States." *See Sanders*, 1997 WL 529073, at *1; *Ioane*, 2010 WL 2600689, at *6 n.6. Further, Plaintiff's failure to include any substantive allegations against the "United States" in his Verified Complaint provides an independently sufficient basis to dismiss any claims that he intended to raise against the "United States." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

Accordingly, the Court (1) **ACCEPTS** and **ADOPTS** Judge Poplin's Report [Doc. 12] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) and (2) **DISMISSES** the "United States" as a defendant in this action. The Court **DIRECTS** the Clerk of Court to (1) **DISMISS** Defendants David Jolley, Elaine Rivera, and Charlotte Luckstone from this action; (2) **DISMISS** Defendant "United States" from this action; and (3) **SEND** Plaintiff service packets (a blank summons and USM 285 form) for Defendants United States Marshals Service and United States Department of Justice. Plaintiff is **ORDERED** to complete the service packets and return

them to the Clerk's Office within twenty-one (21) days of receipt of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that if he fails to timely return the completed service packets, this action will be dismissed. Given the Court's ruling on these matters, the Court **DENIES** Plaintiff's "Motion to Ascertain Status and to Extend Time to Service Summons" [Doc. 11] as **MOOT**.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge